**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TODD JACOB MARTIN,

      Petitioner,

v.                                                    Case No. 8:03-CV-1780-T-30MAP

JAMES McDONOUGH,[1]

      Respondent.

_____/

## O R D E R

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  Petitioner is challenging a 2001 conviction entered by the Twelfth Judicial Circuit Court, Manatee County, Florida.  Respondent has filed a response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkts. 14; 16).  The matter is now before the Court for consideration of the merits of the petition.

### Background

Petitioner was originally charged with one count of attempted first-degree murder with a deadly weapon and one count of accessory after the fact to first-degree murder.  A special public defender was appointed to represent Petitioner, and on June 13, 2001, he entered into a negotiated plea agreement with the State.  Pursuant to the plea agreement, Petitioner agreed to enter a plea of nolo contendere to the charge of accessory after the fact to first-

_____

[1]James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

degree murder in exchange for the State's promise of a sentencing range between seven (7) and twelve (12) years and dismissal of the attempted first-degree murder charge. On June 14, 2001, Petitioner entered his plea, and the trial court sentenced him to serve twelve (12) years in prison, to be followed by a three (3) year term of supervised release.

Petitioner, through counsel, filed a motion for reconsideration of his sentence pursuant to Fla. R. Crim. P. 3.800 on August 6, 2001.  After conducting a hearing, the trial court denied the motion on September 28, 2001.  Petitioner then filed a second motion for reconsideration of his sentence, *pro se*, on October 9, 2001, which was denied on October 19, 2001.

Petitioner, again through counsel, appealed the September 28, 2001 order denying the motion for reconsideration of his sentence on October 23, 2001. On December 21, 2001, Petitioner, *pro se*, filed a Petition for Belated Appeal.  The state appellate court dismissed Petitioner's petition on January 1, 2002, holding that he was proceeding under the original appeal. *Martin v. State*, 810 So.2d 941 (Fla. 2d DCA 2002) (table decision).

On March 10, 2002, Petitioner moved for a voluntary dismissal of his original appeal on the ground that trial counsel filed the appeal without his knowledge.  The motion was granted on April 9, 2002. *Martin v. State*, 814 So.2d 1043 (Fla. 2d DCA 2002) (table decision).

On June 26, 2002, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 asserting that trial counsel was ineffective in (1) failing to conduct an adequate pretrial investigation; (2) failing to file any pretrial motions; (3) failing to present a defense; (4) misleading Petitioner about the sentence he would receive; (5) misleading Petitioner regarding the procedures for the plea colloquy; (6) coercing Petitioner into agreeing to enter a plea; (7) failing to insure that Petitioner was present when depositions were taken; (8) failing to notify the trial court that Petitioner suffered from mental

illness; (9) failing to request a presentence investigation report; (10) failing to require the trial court to enter a written statement in support of the upward departure in his guidelines sentence; and (11) failing to take an interest in Petitioner's case.  Petitioner further argued that he was entitled to relief due to the cumulative impact of the claims presented in Grounds 1 through 11.

The trial court denied Petitioner's  motion for post-conviction relief without a hearing on July 19, 2002. The state appellate court affirmed  the trial court's decision *per curiam*, without written opinion, on March 7, 2003. *Martin v. State*, 840 So.2d 238 (Fla. 2d DCA 2003) (table decision).  The mandate issued on April 3, 2003.

On August 21, 2003, Petitioner filed the present petition for federal habeas relief, asserting eight ineffective assistance of counsel claims. Respondent acknowledges that the petition is timely, but asserts that Petitioner has failed to demonstrate that he meets the criteria for relief pursuant to 28 U.S.C. § 2254. For reasons discussed below, the Court agrees.

### Standard of Review

Since Petitioner's conviction was entered after the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, his petition is subject to the provisions thereof. Where, as here, a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims.  *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,  as determined by the Supreme Court of the United States; or

3

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented  in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it."  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted).  A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Henderson*, 353 F.3d at 890-91.

### Evidentiary Hearing

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing.[2]  *See Smith v. Singletary*, 170 F3d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the record before the Court.  *See Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992).   Thus, no additional evidentiary proceedings are required.  *See High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

### Discussion

Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when trial counsel: (1) failed to adequately investigate the case before trial;  (2)

---

[2]Petitioner contends that trial counsel "admitted his own incompetence thus rendering an evidentiary hearing necessary" (Dkt. 1 (unnumbered)).  Accepting, *in arguendo*, Petitioner's statement as an accurate characterization of the post-incarceration telephone conversation he allegedly had with trial counsel, where, as here, "ineffectiveness is a question which [the court] must decide, admissions of deficient performance by attorneys are not decisive." *Harris v. Dugger*, 874 F.2d 756, 761 n.4 (11th Cir.), *cert. denied*, 493 U.S. 1011 (1989). *See also Breedlove v. State*, 692 So. 2d 874 (Fla. 1997) (an attorney's own admission of ineffectiveness has little persuasive authority).

failed to file any pretrial motions; (3) failed to present a defense; (4) misstated the estimated sentence Petitioner would receive; (5) misstated and misadvised Petitioner regarding the procedures for the plea colloquy; (6) coerced Petitioner into accepting the plea agreement; (7) failed to notify the trial court of Petitioner's mental illness; and (8) failed to request a pre-sentence investigation report.  These claims were raised by Petitioner in his Rule 3.850 motion.

## GROUNDS ONE, TWO, AND THREE

The first three grounds Petitioner raises relate to trial counsel's alleged failure to investigate the case,[3] conduct discovery, and formulate a defense of duress. Respondent asserts that by pleading guilty, Petitioner waived these three grounds.

It is well-established state and federal law that guilty pleas[4] waive all but jurisdictional claims up to the time of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991); *Parker v. State*, 603 So.2d 616 (Fla. 1st DCA 1992); *Dean v. State*, 580 So.2d 808, 809 (Fla. 3d DCA 1991) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (finding that a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial)).

---

[3]The Court finds Petitioner's attempt in his reply to recast the claim presented in Ground One unavailing. *See* Dkt. 14 at 3-4 ("Petitioner's allegations in Ground One, contrary to [the] State's response that counsel performed numerous discover[y] and depositions, centers rather around counsel's ineffectiveness,  [sic] when he informed Petitioner that he had no defense, threatening Petitioner to withdraw from the case if Petitioner chose not to accept a plea, when Florida statutes . . . would have mandate[d] [Petitioner] go to trial.").

[4]Since a plea of *nolo contendere* admits guilt for the purposes of the case, *see Hudson v. United States*, 272 U.S. 451, 455 (1926); *Norman v. McCotter*, 765 F.2d 504, 509-11 (5th Cir. 1985); *Williams v. Wainwright*, 604 F.2d 404, 407 (5th Cir. 1979), "the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*." *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (citations omitted). *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court.).

This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

Once Petitioner entered his plea, the scope of the federal habeas inquiry was limited to whether the plea was voluntarily and intelligently made, and this Court is precluded from inquiring into any antecedent constitutional infirmities. *See Tollett*, 411 U.S. at 266. Accordingly, Grounds One, Two, and Three are not reviewable by this Court unless Petitioner establishes that his plea was involuntary, a burden that, for reasons discussed below, the Court concludes he has not met.

**GROUNDS FOUR, FIVE, SIX, AND SEVEN**

Premised on the Sixth Amendment right to effective assistance of counsel, Grounds Four through Seven of the petition relate to trial counsel's performance during the plea negotiations and the subsequent plea colloquy and sentencing. Because these four grounds present claims that overlap and collectively challenge the voluntary and intelligent nature of Petitioner's plea, they will be discussed together.

To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is

constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

Because the ultimate resolution of ineffective assistance of counsel claims is a mixed question of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination.  *Parker v. Head*, 244 F.3d 831, 837 (11th Cir. 2001).  State court findings of historical facts made in the course of evaluating an ineffectiveness claim are, however, subject to a presumption of correctness under 28 U.S.C. § 2254(e) unless the petitioner demonstrates by clear and convincing evidence that they are incorrect, see *Williams v. Taylor,* 529 U.S. at 412-413, a burden that Petitioner has failed to carry.  *See* § 2254(e)(1) ("[A] determination of a factual issue made by a state court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence").

The two-part test articulated in *Strickland* applies to claims challenging pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988). Counsel owes a lesser duty to a client who enters a plea than to one who decides to go to trial; when a plea is entered, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant may make an informed and conscious choice between entering the plea and proceeding to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To be entitled to collateral relief, a defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson*, 397 U.S. 759, 774 (1970). A petitioner must overcome a strong presumption that counsel's conduct fell within the wide range of

7

reasonably professional assistance.

In the context of guilty pleas, the first half of the *Strickland* test is a restatement of the standard for attorney competence set forth in *Tollett v. Henderson*, 411 U.S. at 267, and *McMann v. Richardson*, 397 U.S. at 770-71.  The second, or "prejudice" requirement of the test, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. at 58-59; *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990). The *Strickland* test is equally applicable to a plea of *nolo contendere* based on ineffective assistance of counsel, as that type of plea is treated as an admission of guilt. *See Carter v. Collins*, 918 F.2d at 1200 n.1.

A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *see Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citation omitted), adhering to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *see Strickland v. Washington*, 466 U.S. at 689-90; *see also Bell v. Cone*, 535 U.S. 685, 698 (2002). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (en banc), *cert. denied*, 536 U.S. 964 (2002) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

The inquiry is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. *See Chandler v.*

*United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Id.* at 1314 n. 15. Moreover, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Petitioner raised twelve ineffective assistance of counsel claims in the Rule 3.850 motion he filed on June 26, 2002. In its decision rejecting the claims, the trial court set out the following standard of review:

> [I]n order to establish a meritorious claim for ineffective assistance of counsel, a defendant must first identify omissions by his attorney that were outside the "broad range of reasonably competent performance under prevailing professional standards." *See Kennedy v. State*, 547 So. 2d 912, 913 (Fla. 1989) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The defendant must further prove that the omission "so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined." *Id.* at 913 (citing *Strickland*). In assessing an ineffective assistance of counsel claim, the court need not make a specific ruling on the performance by trial counsel when "it is clear that the prejudice component is not satisfied." *Id.* at 914. The court must apply a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *See State v. Hanania*, 715 So. 2d 984, 985 (Fla. 2d DCA 1998).

Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 2.

The trial court identified the correct standard of review for an ineffective assistance of counsel claim, as enunciated in *Strickland.* Thus, Petitioner must establish that the trial court's application of the *Strickland* standard "resulted in a decision that was contrary to, or involved an unreasonable application" of the *Strickland* standard or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For reasons discussed below, the Court determines that Petitioner has not shown that the state court's adjudication of the claims raised in Grounds Four, Five, Six, and Seven of the instant petition resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254.  Petitioner has failed to establish that he is entitled to federal habeas relief on these claims.

## Ground Four

Petitioner contends that trial counsel was ineffective because he misled Petitioner about the length of the sentence he would receive.  Acknowledging that trial counsel made an "*estimate* of how the judge was going to sentence [him] on a plea deal," *see* Dkt. 1 (unnumbered) (emphasis added), Petitioner alleges that trial counsel made the "implied promise" that he would receive no more than seven years in prison.  In rejecting this claim, the trial court found as follows:

> Defendant claims counsel was ineffective because he misled him as to the amount of time to which the judge would sentence him under the plea agreement.  According to the Defendant, he thought he would only receive a 7-year prison sentence, followed by three years of probation.  Once again, however, the plea transcript conclusively refutes the Defendant's claims.  In questioning the Defendant about the terms of the plea agreement, the Court inquired:
>
> THE COURT: Okay.  All right.  Now, Mr. Martin, you understand what your lawyer has said would be the conditions of your plea?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand what your sentence would be if you entered this plea of no contest to this charge?
>
> THE DEFENDANT: Yes, sir.

10

THE COURT: That there's going to be a range between seven and 12 years and State's going to recommend 10, and I'm going to make a decision after I listen to whomever during this hearing, I'll make a decision in regard to how much prison time will be imposed; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: It could be between seven and 12 years.

THE DEFENDANT: Yes.

(6/4/01 Tr. at 8) The record is clear.  Although the Defendant certainly may have hoped that the Court would only sentence him to seven years in prison, he clearly understood that the Court could sentence him anywhere within the range of seven to 12 years.

Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 4.

The record supports the trial court's findings that Petitioner clearly demonstrated during the change of plea hearing that he understood the possible sentence he was facing and that it was within the trial court's discretion to sentence him anywhere within the range of seven and twelve years, as agreed during the plea negotiations. Petitioner had an opportunity to address the trial court or to withdraw his plea, yet he chose to proceed.

The imposition of a sentence greater than that expected by Petitioner, or predicted by counsel, standing alone, is not an adequate ground for setting aside a conviction. *See Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975); *United States v. Frontero*, 452 F.2d 406, 411 (5th Cir. 1971) (finding that ordinarily, a defendant cannot "rely on the promise of the prosecutor, who has no authority to make sentencing promises, or on the inaccurate representations of an overzealous attorney."); *Floyd v. United States*, 260 F.2d 910, 912 (5th Cir. 1958), *cert denied*, 359 U.S. 947 (1959).  *See also United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir. 1970) (finding that a "[m]ere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea.") (quoting *Domenica v. United States*, 292 F.2d 483, 485 (1st Cir.

1961)). Moreover, trial counsel's failure to accurately predict the sentence which the trial court will impose is not deficient performance. As the Eleventh Circuit has reiterated, effective assistance of counsel does not mean errorless assistance. *Green v. Zant*, 738 F.2d 1529, 1536 (11th Cir.), *cert. denied*, 469 U.S. 1098 (1984).  *See also Kemp v. Leggett*, 635 F.2d 453 (5th Cir. 1981).

**Ground Five**

Next, Petitioner alleges that trial counsel misled him regarding the procedures for the plea colloquy and "coached" him on how to respond to the trial court's questions.  The trial court addressed this issue in its order denying Petitioner's Rule 3.850 motion, finding as follows:

> Defendant claims counsel was ineffective because he was "misled in procedure of plea colloquy."  Defendant maintains he was instructed to answer "No" to two specific questions asked by the Court during the plea colloquy, *i.e.*, whether he was promised anything and whether he was under the influence of any drugs, alcohol or medication.  Defendant claims that had trial counsel presented the factual bases behind the plea colloquy questions, he could have responded in a truthful fashion and this may have sufficiently altered the outcome of his sentence.
>
> Regardless of whether the Defendant was instructed to answer "no" to the two questions specified above, this Court finds that the overall plea colloquy, which encompassed many more questions than just the two complained about by the Defendant, indicates that the Defendant understood the questions asked, the rights he was waiving by entering a plea, and the specific details of the plea agreement. (6/14/01 Tr. at 2-13) Therefore, the Court does not find that the Defendant was misled by counsel about the plea procedure.

Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 5.

The trial court's findings are supported by the record.  As the transcript of the plea hearing reflects, Petitioner, under oath, answered questions clearly and responsively and acknowledged a full understanding of the nature of the charge, the rights he was giving up by entering a plea, and the consequences of the plea (Dkt. 8, Ex. 001 at Tr.  2-13). Despite

12

his assertions to the contrary, the record affirmatively demonstrates that Petitioner's plea was a "voluntary expression of his own choice." *Brady v. United States*, 397 U.S. 742, 749 (1970). This is all that the constitution required of trial counsel. *See Chandler v. United States*, 218 F.3d at 1313; *Wofford v. Wainwright*, 748 F.2d at 1508. Petitioner has not demonstrated a basis for the Court to disregard the statements he made under oath during the plea colloquy. See *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

**Ground Six**

Petitioner asserts that trial counsel coerced him into accepting the plea agreement by advising him that if he refused the State's offer, he would be "forced to proceed to trial, where he would lose and receive the maximum possible sentence" (Dkt. 1 (unnumbered)).  In its decision rejecting Petitioner's 3.850 motion, the trial court held:

> Defendant claims counsel was ineffective for coercing him into the plea agreement.  Defendant claims counsel told him the plea agreement was the best offer he would get and, if he went to trial, he could get the maximum sentence of life on Count I and 30 years on Count II.  Defendant argues that had counsel not coerced him into a plea "with misstated facts," he would have proceeded to trial.
>
> The Defendant's claim is merely conclusory and, as such, fails to state a legally sufficient claim for relief.  The Defendant fails to specify the "misstated facts" with which counsel allegedly coerced him.  Even if legally sufficient, however, his claim is without merit.  Counsel's advise that he could have received the maximum sentences had he gone to trial and lost was sound.  Moreover, any claims of coercion are conclusively refuted in the record where the Defendant specifically denied that anyone, including counsel, had threatened or coerced him into entering his plea.  (6/14/01 Tr. at 9-10).

Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 5-6.

Petitioner has failed to satisfy the deficiency prong of the *Strickland* test. As the trial court noted, trial counsel's advice with regard to the maximum sentence that the trial court could impose had Petitioner proceeded to trial and been convicted of attempted first-degree murder and accessory after the fact to first-degree murder was an accurate statement of Florida law, *see* Fla. Stat. §§ 782.04(1)(a), 775.082(3)(b); 777.03(2)(a); 777.04(4)(b) (2000). Trial counsel is not ineffective for providing his client with correct information regarding possible sentencing outcomes. Likewise, in his role as advocate, trial counsel has a duty to assess the strength of the State's case and based on that assessment**,** advise the defendant what course of action trial counsel considers to be in his best interest.

As discussed above, the transcript of the plea hearing reflects that Petitioner was aware of the charges and possible defenses to those charges when he elected to enter his plea, and Petitioner acknowledges in his petition that the plea was entered to avoid the possibility of a more severe sentencing outcome if convicted at trial. An otherwise valid plea is not involuntary because it was induced by a defendant's desire to limit the possible maximum penalty to less than that authorized if there were a jury trial. *See Parker v. North Carolina*, 397 U.S. 790 (1970).

**Ground Seven**

Next, Petitioner alleges that trial counsel was ineffective in failing to notify the trial court that he had a history of mental illness and was, in fact, heavily medicated with psychotropic drugs for several months prior to the plea hearing. According to Petitioner, the drugs caused him to be "delusional" and "not completely coherent" during the plea and sentencing proceedings.

Petitioner raised this claim in his Rule 3.850 motion. In its order rejecting the claim, the trial court found as follows:

14

> Defendant claims counsel was ineffective because he failed to notify the Court that he was suffering from mental illness.  Defendant claims he was taking "psychotherapeutic" medications and was "delusional" at the time of the plea hearing.  Once again, however, the plea transcript conclusively refutes the Defendant's allegations.  The Defendant specifically denied at the time of the plea that he was under the influence of any drugs, intoxicants or medication. (6/14/01 Tr. at 10) Moreover, he specifically denied that he had *ever* been treated for a mental illness. (6/14/01 Tr. at 11)

Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 6.

Petitioner is again asserting a claim that is refuted by his own sworn statements during the plea colloquy.  The trial court's assessment of Petitioner's competency when he appeared at the plea and sentencing proceeding is clearly opposite the assessment Petitioner advances in hindsight. Having denied being under the influence of any drugs or medications and having a history of mental illness, Petitioner now contends that his sworn statements were false. After hearing Petitioner's answers and observing his demeanor during the plea colloquy, the trial court concluded otherwise, finding that Petitioner entered his plea voluntarily and knowingly. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Gonzalez-Mercado*, 808 F. 2d 796 (11th Cir. 1987). Representations made by a defendant during the plea proceedings and findings made by the trial court accepting the plea constitute a formidable barrier in subsequent collateral proceedings – a barrier Petitioner has failed to overcome.

As discussed above, Petitioner's contention that he was "delusional" when he appeared before the trial court is further contradicted by the trial court's finding that "Petitioner understood the questions asked, the rights he was waiving by entering a plea, and the specific details of the plea agreement." Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 5. These findings are supported by the record, and Petitioner has failed to rebut by clear and convincing evidence the presumption of correctness accorded the

15

state court's factual findings.  28 U.S.C. § 2254(e)(1).

To the extent that the petition may be read to raise a substantive competency claim, it is well-settled that a criminal defendant may not plead guilty unless he does so "competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 391 (1993). The test in reviewing a substantive competency claim is whether when he appeared before the trial court, the defendant had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Id.* at 396.  Whether or not the defendant is taking medication when he enters his plea is a factor to be considered in assessing competency, but it is not determinative. Treatment with psychiatric medication does not *per se* render a defendant incompetent to stand trial. *Sheley v. Singletary*, 955 F.2d 1434, 1438 (11th Cir. 1992).  To succeed on a claim of incompetency by reason of medications, the defendant must present evidence demonstrating that the dosage given him affected him sufficiently adversely so as to raise doubt of his ability to consult with his lawyer and to have a rational understanding of the proceedings against him. *See Fallada v. Duqger*, 819 F.2d 1564, 1569 (11th Cir. 1987).

Petitioner has submitted copies of medical records in support of his argument that despite his sworn statements to the contrary, when he entered his plea, he was taking medications that rendered him incompetent.  This Court is precluded from considering these documents as evidence because Petitioner did not present them to the state courts on direct appeal or in his Rule 3.850 proceedings. *See* 28 U.S.C. § 2254(e)(2). This "evidence" merely buttresses claims that have, as discussed above, previously been rejected by the state courts. Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652 (2004).  A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of his lack

16

of diligence is barred from doing so in federal court, subject to the very narrow exceptions set out in § 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420, 433-34 (2000).

In the instant case, since Petitioner  "failed to develop" the factual basis for his claim while in state court, he is barred from relying on the proffered medical records, *see Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (declining to consider evidence not presented to the state court in determining whether its decision was contrary to federal law), unless he was not at fault or the conditions prescribed by § 2254(e)(2) are met.  *See Holland v. Jackson*, 542 U.S. at 653 (citing *Cargle v. Mullin*, 317 F.3d 196 (10th Cir. 2003) (finding that § 2254(e)(2) applies only when there is an antecedent state court decision on the same matter). Since these records were available to Petitioner more than two months before he presented his claims to the state court[5] and he does not assert a claim that relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence, this "evidence" is not properly before this Court.  28 U.S.C. § 2254(e)(2).  Having elected not to present these documents to the state courts, Petitioner cannot now use them to support his claim in this Court.

A habeas petitioner bears the burden of overcoming a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. Having failed to demonstrate any basis for trial counsel to conclude that he was unable to communicate with trial counsel or participate in his own defense when he entered his plea, Petitioner fails to meet the first prong of the *Strickland* test.

---

[5]Correspondence Petitioner attached to his petition establishes that copies of his medical records for the period he was incarcerated in the Manatee County Jail that he urges this Court to consider were provided to him on March 13, 2002, more than two months before he filed his Rule 3.850 motion, yet he failed to present the documents to the state courts in support of his claim of incompetency.  *See* Dkt. 1, Ex. D.

**GROUND EIGHT**

Finally, Petitioner asserts that trial counsel was ineffective for failing to request a presentence investigation report ("PSI"), effectively limiting the trial court's knowledge of the Petitioner.  Petitioner argues that had a PSI been performed, "the court's ability to sentence closer to the bottom of the plea deal would have been greater" (Dkt. 1 (unnumbered)).   In rejecting this claim, the trial court found as follows:

> Defendant claims counsel was ineffective for failing to request a pre-sentence investigation (PSI).  Defendant claims that had a PSI been performed, "the final outcome would have been sufficiently different."  Because the Defendant fails to set forth any specific reason why the outcome would have differed or how he was prejudiced by the failure to obtain a PSI, his claim fails to state a legally sufficient claim for postconviction relief and is rejected.

Dkt. 8, Ex. 15, Order Denying Defendant's Motion for Postconviction Relief at 6.

Here, as in state court, Petitioner fails to set forth his claim with sufficient specificity to warrant finding that he is entitled to relief.  It is well settled that a habeas petitioner in federal court must plead facts showing an entitlement to relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). *See generally Adams v. Armontrout*, 897 F.2d 332 (8th Cir. 1990) for a discussion of fact pleading in habeas cases.  A habeas petitioner is not entitled to a hearing on the basis of conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc). An applicant for post-conviction relief on the basis of ineffective assistance of counsel must plead facts showing both a constitutionally deficient performance on counsel's part and resulting prejudice to satisfy the *Strickland* test.  *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Petitioner has failed to meet this burden.

Petitioner's claim is based on speculation as to what the trial court "might have done" in a given construct.  Mere speculation and "conclusory statements do not raise a

18

constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982), *cert. denied*, 461 U.S. 951 (1983). In this circuit, habeas courts do not blindly accept speculative and inconcrete claims. *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (citing *Baldwin v. Blackburn*, 653 F.2d 942, 947, (5th Cir. 1981)). "The burden of proof is on the petitioner in a habeas corpus proceeding." *Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir. 1980), *cert. denied*, 451 U.S. 916 (1981).   *See also Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Stano v. Dugger,* 901 F.2d at 899 (11th Cir. 1990) (*en banc* ). Having failed to present any factual support for his claim, Petitioner cannot prevail under either prong of the *Strickland* test.

Petitioner has not shown that the state court's rejection of this claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254.   This claim is, therefore, without merit.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief. Petitioner has had the benefit of his bargain – the State dismissed the charge of attempted first-degree murder at sentencing.  The Stated is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). Petitioner was not promised anything that

he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

ACCORDINGLY, the Court **ORDERS** that:

1.   The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.   The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:jsh

20